IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY CANINE,<br><br>    Plaintiff,<br><br>  v.<br><br>LIBERTY MUTUAL INSURANCE et al.,<br><br>    Defendants.<br>_____/ | No. C 06-00317 CRB<br><br>**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

    Cathy Canine sues Liberty Mutual Insurance and Liberty Life Assurance Co. of Boston (collectively, "Defendants") for fraud, bad faith, intentional infliction of emotional distress, and breach of contract in connection with Defendants' alleged failure to pay disability benefits to Canine. Now pending before the Court is Defendants' motion to dismiss (1) the fraud claim for failure to allege it with the required specificity; (2) the intentional infliction of emotional distress claim for failure to allege facts establishing two of its elements; and (3) Liberty Mutual Insurance as an improper party. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS in part and DENIES in part Defendants' motion.

**I.    LEGAL STANDARD FOR A MOTION TO DISMISS**

    Dismissal under rule 12(b)(6) is only appropriate when a plaintiff can prove "no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41,

45-46, (1957); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri, 901 F.2d at 699. A court must accept the non-moving party's factual allegations as true and construe those allegations in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996). Courts assume that "general allegations embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).

A plaintiff's failure to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements for fraud provides a basis for a Rule 12(b)(6) dismissal. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b) requires that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . be stated with particularity." Vague or conclusory allegations do not satisfy the particularity required by Rule 9(b). Moore v. Kayport Package Express, Inc., 885 F2d 531, 540 (9th Cir. 1989). Instead, "[t]he pleadings must state precisely the time, place, and nature of the . . . specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Generally, a district court looks no farther than the pleadings to rule on a 12(b)(6) motion. Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002). However, when ruling on such a motion, a court may consider a document that is not attached to the complaint if it refers to the document and no party questions the document's authenticity. Id.

## II.  DISCUSSION

### A.  The Cause of Action for Fraud Fails to Meet the Heightened Pleading Requirements of Rule 9(b).

Under California law, the elements of fraud are "[1] misrepresentation; [2] defendant's knowledge of the statement's falsity; [3] intent to defraud (i.e., to induce action in reliance on the misrepresentation); [4] justifiable reliance; and [5] resulting damage."

2

Hunter v. Up-Right, Inc., 6 Cal. 4th 1174, 1184 (1993). Defendants correctly argue that Canine failed to plead these elements with the specificity Rule 9(b) requires.

The Complaint alleges that the following course of action constitutes fraud. The Defendants issued disability insurance to the Canine. Compl. for Tortious Breach of Contract, Fraud, Bad Faith and Intentional Infliction of Emotional Distress ("Complaint") at ¶ 5. "Defendants represented in the policy itself that they would insure [Canine] against disability . . . ." Id. at ¶ 11. When Defendants made this representation, they knew it to be false because they "did not intend to pay benefits promptly, or at all, and they intended to use frivolous excuses to deny, delay, and interrupt the payment of benefits." Id. at ¶ 13. Not knowing Defendants' intentions, Canine "relied upon the representations of defendant to [her[1] own] detriment . . . ." Id. As a result of this reliance, Canine suffered damages of lost income and emotional and financial distress. Id. at ¶¶ 14, 26, 27.

Monetary damages are the only element of fraud about which the Complaint provides particular details. See id. at ¶¶ 26. The Complaint fails to identify with particularity who made the fraudulent statements. The Complaint does not reveal where or when the statements were made. The Complaint sets forth the content of the misrepresentations in extremely general terms. Furthermore, it recites the element of reliance in a conclusory fashion. Because the Complaint alleges fraud in general and conclusory terms, the Court dismisses Plaintiff's cause of action for fraud with leave to amend.

**B.     The Cause of Action for Intentional Infliction of Emotional Distress Survives a 12(b)(6) Motion to Dismiss.**

The elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376,

---

[1] The Complaint uses both masculine and feminine pronouns to refer to Plaintiff. Compare Complaint at ¶ 6 with id. at ¶ 15. The Court chooses to use feminine pronouns in apparent accordance with Plaintiff's first name, Cathy.

3

394 (1970). Liberty argues that the Complaint fails to plead outrageous conduct and severe emotional distress. Defs.' Notice of Mot. and Mot. to Dismiss; Mem. of P & A in Supp. Thereof ("Motion") at 2. Construing the allegations in the light most favorable to Canine, the Complaint establishes the elements of outrageous conduct and severe emotional distress.

### 1. The Complaint Describes Outrageous Conduct.

California law defines outrageous conduct as conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Cervantez v. J. C. Penney Co., 24 Cal.3d 579, 593 (1979). Mere "delay or denial of insurance claims is not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress." Coleman v. Republic Indem. Ins. Co., 132 Cal. App. 4th 403, 417 (2005). However, an insurer's wrongful denial of a claim in combination with some other egregious behavior may constitute outrageous conduct. See Little v. Stuyvesant Life Ins. Co., 67 Cal. App. 3d 451, 462 (1977); Fletcher, 10 Cal. App. 3d at 401. An insurer acts outrageously when it purposely ignores the vast majority of the medical information in its possession and withholds that information from the doctors it selects to examine the insured in order to deny coverage due to the insured under the policy. Little, 67 Cal. App. at 462.

According to the Complaint, the outrageous conduct consists of the following course of action. Defendants failed to pay benefits due to Canine under her policy. Complaint at ¶ 24. In order to terminate these benefits, Defendants "refused to evaluate [Canine's] abilities using proper medical specialists and medical evidence." Id. at ¶ 16. Defendants also "gave uncritical acceptance to the biased opinions of its self-selected medical examiners, to the exclusion of the opinions of treating physicians." Id. at ¶ 16. This conduct is consistent with Defendants' general pattern of evaluating claims without considering relevant medical evidence. Id. at ¶ 9. Defendants maliciously engaged in these actions knowing that they were certain to injure Canine. Id. at ¶ 17.

Construed in favor of Canine, these allegations satisfy the element of outrageous conduct. These allegations imply that Defendants ignored medical information in its possession in favor of opinions from self-selected medical examiners that Defendants knew

4

were biased. The allegations also imply that Defendants purposely chose unqualified medical specialists to evaluate Canine's condition when qualified specialists were available. All of this was done in order to deny Canine benefits due under her policy. The Court cannot conclude at this early stage in the proceedings that this course of conduct does not as a matter of law satisfy the threshold for outrageous conduct under California law. Cf. Little, 67 Cal. App. at 462.

### 2.  The Complaint Sufficiently Pleads the Element of Severe Emotional Distress Element.

Severe emotional distress requires distress so extreme that no reasonable person could be expected to endure it. Bogard v. Employers Cas. Co., 164 Cal. App. 3d 602, 617 (1985). "The intensity and duration of the distress are factors to be considered in determining its severity." Id. Severe emotional distress does not require a showing of resulting physical disability. Fletcher, 10 Cal. App. 3d at 396-97. Instead, such distress "may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry." Id.

The Complaint alleges that Defendants' actions caused Canine "extreme financial hardship and emotional distress . . . ." Complaint at ¶ 8. Defendants knew that their actions were almost certain to "vex, annoy, and harass" Canine. Id. at ¶ 17. Defendants' actions aggravated Canine's disability and impeded her recovery. Id. at ¶ 27.

This Court assumes that Canine's general allegation of extreme emotional distress embraces the specific facts necessary to support it. Charitably read, the Complaint suggests that Defendants' actions caused Canine to feel severely vexed, annoyed, and harassed. Plaintiff's emotional state may have contributed to her inability to recover from her disability. While Plaintiff's allegations are general, they are sufficient to establish the element of severe emotional distress under the liberal pleading standards of the Federal Rules of Civil Procedure.

### C. Liberty Mutual Insurance is Not a Proper Party.

Defendants also ask the Court to dismiss Liberty Mutual Insurance ("Liberty Mutual") on the grounds that Liberty Mutual is not a party to the insurance contract between Liberty Life Assurance Co. of Boston and Canine. Motion at 8-9. The Court grants this request.

In order to be liable to a plaintiff for breach of contract, a defendant must be a consenting party to the contract. See Cal. Civ. Code § 1550. An agent of a corporation acting within the scope of its agency cannot be held liable for breach of the corporation's contract. Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 576 (1973).

In order to be liable to a plaintiff in tort, a defendant must have a legal duty to the plaintiff. Coleman v. Cal. Yearly Meeting of Friends Church, 27 Cal. App. 2d 579, 582 (1938). When a plaintiff seeks damages for commission of a tort that flows from an alleged breach of contract, the defendant does not have a duty to the plaintiff unless the defendant was a party to the contract. Gruenberg, 9 Cal. 3d at 576.

The doctrine of conspiracy imposes liability on persons who do not commit torts themselves, but share with the tortfeasors a common plan to perpetrate the tort. Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). Conspiracy is not a stand alone cause of action. Id. at 510. In order to be liable under a theory of conspiracy, a defendant must owe an independent duty to the plaintiff. Id. at 511. Agents acting within the scope of their agency cannot be held liable for conspiring with their own principals. Gruenberg, 9 Cal. 3d at 576.

Here, Canine's insurance policy reveals that Liberty Mutual is not liable for breach of contract because it is not a party to the policy. Although the Complaint suggests otherwise, the policy indicates that only Liberty Mutual Life Assurance Co. of Boston agreed to provide Canine with insurance. Compare Complaint at ¶¶ 2, 5 with Motion, Ex. A ("Policy") at 1. Canine does not dispute that this is the case. "[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998). Because Liberty

6

Mutual did not agree to provide disability benefits to Canine, it cannot be held liable for breach of a contract to provide those benefits to her.

Canine cannot pursue damages for tort against Liberty Mutual because she has not pled a theory under which Liberty Mutual owes her a duty. Canine's causes of action for fraud, bad faith, and intentional infliction of emotional distress are all torts that flow from the alleged breach of contract. Because Liberty Mutual was not a party to Canine's insurance contract, Liberty Mutual owes Canine no duty for those causes of action. See Gruenberg, 9 Cal. 3d at 576.

Canine attempts to pin liability on Liberty Mutual by alleging that Liberty Mutual acted as an agent to Liberty Life Assurance Co. of Boston. Complaint at ¶ 4. However, as an agent of Liberty Life Assurance Co. of Boston, Liberty Mutual cannot be held liable for the breach of contract by its principal if Liberty Mutual was acting within the scope of its agency.

Canine also alleges a conspiracy between Liberty Mutual and Liberty Life Assurance Co. of Boston. This theory fails for two independent reasons. Because Liberty Mutual was not a party to the insurance contract, it cannot be held liable for a conspiracy to commit a tort flowing from the breach of that contract. Also, if Liberty Mutual is an agent of Liberty Life Assurance Co. of Boston acting within the scope of its agency, Liberty Mutual cannot be held liable for conspiring with its principal.

Thus, the Court grants Defendants' request to dismiss Liberty Mutual Insurance with prejudice.

//

//

//

//

### III. CONCLUSION

For the reasons set forth above, the Court rules as follows:

1. the motion to dismiss the fraud claim is GRANTED with 20 days leave to amend;

2. the motion to dismiss the claim for intentional infliction of emotional distress is DENIED; and

3. the motion to dismiss Defendant Liberty Mutual Insurance is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: March 1, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

8